# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE CAMPBELL, | CASE NO. 1:10-cv-02231-LJO-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| GERAGOS B. GERAGOS, et al., | |
| Defendants. | (Doc. 1) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Screening Requirement

Plaintiff Kane Campbell[1] ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed on December 2, 2010. For the reasons discussed below, Plaintiff's complaint fails to state a cognizable claim.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard

---

[1] Plaintiff is also known as Wesley Kane Campbell.

1

under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

## II.   Discussion

Plaintiff brings this suit against private attorneys Mark Geragos, Scott Ross, and Nareg Garjian claiming they accepted $80,000 to represent him in a felony vandalism prosecution. Defendants allegedly failed to represent Plaintiff, slandered him, and are trying to have him murdered in prison.

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects individual rights only from *government* action, not from *private* action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)) (emphasis in original).

Plaintiff's allegations that Defendants, who are private attorneys, failed to perform on a legal contract, slandered him, and are attempting to have him harmed in prison do not allege acts by any person "acting under the color of law" and do not state a cognizable claim under section 1983.

## III.   Conclusion and Recommendation

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action

1  Plaintiff's suit against private parties is insufficient to state a claim under § 1983.  The Court finds
2  that the deficiencies outlined above are not capable of being cured by amendment, and therefore
3  further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809
4  F.2d 1446, 1448-49 (9th Cir. 1987).

5       Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that this action
6  be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief can be
7  granted.

8       These findings and recommendations will be submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
10 days after being served with these findings and recommendations, Plaintiff may file written
11 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
14 1153 (9th Cir. 1991).

15      IT IS SO ORDERED.

16 Dated:  December 9, 2010

17                       UNITED STATES MAGISTRATE JUDGE